# United States Court of Appeals
# for the Fifth Circuit

No. 22-30292
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Darren B. Williams,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-39-1

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Darren B. Williams appeals the 74-month, above-guidelines sentence imposed on revocation of his four-year term of probation following his guilty plea conviction for possession of a firearm not registered to him, in violation of 26 U.S.C. § 5861(d). He argues that the revocation sentence is

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

substantively unreasonable and greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Williams specifically complains that the district court gave no weight to the guidelines range and erroneously based both its decision to vary upwardly and the extent of its variance exclusively on the court's promise at the original sentencing hearing of severe repercussions for any future probation violation.

We review probation-revocation sentences under the plainly unreasonable standard. *United States v. Kippers*, 685 F.3d 491, 496–97 (5th Cir. 2012). In evaluating whether a sentence is plainly unreasonable, we first consider whether the district court committed any significant procedural errors, after which we consider the substantive reasonableness of the sentence imposed under an abuse of discretion standard. *See Kippers*, 685 F.3d at 497. A revocation sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (internal quotation marks and citation omitted).

Contrary to Williams's assertion, the record shows that the district court considered the applicable guidelines range but relied on several of the § 3553(a) factors to conclude that such a sentence was inadequate and that a 74-month sentence, well below the applicable 10-year statutory maximum available, was appropriate. *See* 18 U.S.C. § 3565(a)(2); 26 U.S.C. § 5871. Specifically, the court relied on Williams's personal history and characteristics, the nature of the charged violations, the risk of recidivism, and the need to protect the public, citing his history of violent behavior, the leniency shown him at his original sentencing, the immediacy and numerosity of his probation violations, his refusal to accept responsibility for his actions, and the nature of the violations, which included an aggravated assault with

No. 22-30292

a firearm and failure to pay child support despite his professed need to provide for his children. *See* §§ 3553(a)(1), 3553(a)(2)(A)–(C);[1] *see also Kippers*, 685 F.3d at 498.

The record does not reflect that the court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the factors. *See Warren*, 720 F.3d at 326. Williams's argument that the district court improperly relied on its prior warnings of severity should he fail to take advantage of the leniency being shown him at his original sentencing is unavailing as this court has condoned the district court's consideration of prior leniency when imposing a revocation sentence. *See, e.g.*, *Kippers*, 685 F.3d at 500–01. As for the extent of the variance, we have routinely upheld revocation sentences that exceed the guidelines range by a similar degree but are within the statutory maximum. *See, e.g.*, *id.*; *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009). Williams's conclusional statement that his sentence was excessive because it does not achieve the sentencing goals of § 3553(a) does not demonstrate an abuse of the district court's wide sentencing discretion. *See Kippers*, 685 F.3d at 500–01; *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

The district court's judgment is AFFIRMED.

---

[1] Although a district court may not rely on § 3553(a)(2)(A) when modifying or revoking a supervised release term, *see United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011), no such restriction exists on revocation of probation. *See Kippers*, 685 F.3d at 497–98 n.4.